**Eddie Lee HERNDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0906–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1981.

Discretionary Review Granted
April 21, 1982.

Randy Schaffer, Houston, for appellant.

Elvin Ray Speece, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

EVANS, Chief Justice.

This is an appeal from an order revoking the appellant's probation.

In January 1979, the appellant pleaded guilty to a charge of theft from the person and was placed on probation for five years. In February 1981, the appellant was found guilty of aggravated robbery, and on that same date, a motion to revoke his probation was filed based upon the violation of the terms of his probation by committing aggravated robbery. The trial court at that time entered a written order revoking his probation.

In one ground of error the appellant contends that the trial court abused its discretion in revoking his probation because it failed to provide him with notice that it was considering the motion to revoke at the time of his trial for aggravated robbery. He contends that he was denied due process of law because the trial court waited until the assessment of punishment on the aggravated robbery before informing him that on the basis of the evidence adduced at trial, it was ruling on the State's motion to revoke his probation.

In support of this position the appellant cites *Ruedas v. State*, 586 S.W.2d 520, 523 (Tex.Cr.App.1979) which listed the minimum requirements of due process in a proceeding to revoke probation:

> Written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, the opportunity to be heard in person and to present witnesses, the right to confront and cross-examine adverse witnesses, a 'neutral and detached' hearing body, and a written statement by the fact finders as to the evidence relied on and the reasons for revoking probation.

The appellant argues that the trial court cannot revoke probation without first conducting an evidentiary hearing on the merits of the motion to revoke, citing *Furrh v. State*, 582 S.W.2d 824 (Tex.Cr.App.1979); *Wallace v. State*, 575 S.W.2d 512 (Tex.Cr.

App.1979) and *Wester v. State*, 542 S.W.2d 403 (Tex.Cr.App.1976).

These cases stand for the proposition that once probation has been granted, the trial court is not authorized to revoke probation without having found that the probationer has violated the conditions of his probation. Thus, relying on these holdings, the appellant contends article 42.12, Section 8 of the Texas Code of Criminal Procedure requires that the court grant a hearing before it revokes probation, and that he was not afforded due process because he did not have fair notice that there was a hearing at which he would be required to defend himself on the motion to revoke his probation.

The present case is very similar to that of *Cleland v. State*, 572 S.W.2d 673 (Tex.Crim. App.1978), in which the defendant contended that the trial court erred by failing to hold a hearing to determine whether the defendant violated the terms and conditions of his probation. While the defendant was on probation, the State filed a motion to revoke the probation, alleging that the defendant violated the terms by committing an offense of aggravated robbery. After the jury returned a verdict of guilty, the trial judge assessed the defendant's punishment and also ordered that the probation be revoked based upon the testimony and evidence heard by the court in connection with the robbery trial.

The Court of Criminal Appeals, in footnote No. 2 on page 676 of its opinion, discussed whether the defendant had a right to a revocation hearing as follows:

> This Court has never held that a probationer is entitled to a revocation hearing. We held, however, that upon demand, a probationer has a statutory right under Article 42.12, Section 8(a), Vernon's Ann. C.C.P., to a prompt hearing on a motion to revoke *Ex Parte Trillo*, 540 S.W.2d 726 (Tex.Cr.App.1976). Nevertheless, implicit in our decisions is the proposition that due process requires a hearing before a probationer's probation can be revoked. See *Whisenant v. State*, 557 S.W.2d 102 (Tex.Cr.App.1977).

The court held that because the defendant had advance notice that the revocation proceeding would be connected in some manner with the trial, and did not file a motion demanding a hearing on the State's motion to revoke the defendant had waived his right to a revocation hearing. Id. at p. 676.

In the present case, on the date of trial, the State filed a motion to revoke the appellant's probation, alleging that the appellant committed the offense of aggravated robbery, and the appellant went before a jury on the aggravated robbery charge. After the jury returned a guilty verdict, the trial judge assessed the appellant's punishment and also revoked the appellant's probation, based on the evidence the court heard in the aggravated robbery trial. The appellant did not file a motion demanding a hearing, nor did he object to the trial court's action. We therefore hold that appellant waived his right to a revocation hearing. The appellant's ground of error is overruled.

The judgment is affirmed.