**Eddie Lee HERNDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 134–82.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 14, 1984.

Randy Schaffer, Houston (court appointed on appeal), for appellant.

John B. Holmes, Jr., Dist. Atty. and Ray Elvin Speece, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

PER CURIAM.

We granted appellant's petition for discretionary review of a decision rendered by the Houston Court of Appeals in *Herndon v. State*, 627 S.W.2d 502 (Tex.App.—Houston [1st] 1981), and upon original submission handed down an opinion in the cause. However, because we have since determined that our opinion was based on an incomplete record in this Court, the original opinion is withdrawn. The record has now been supplemented, and though we take a somewhat different tack in light of it, we will nevertheless overrule appellant's motion for rehearing and affirm the judgment of the court of appeals.

Appellant was convicted of theft from a person in Cause Number 282,568 in January of 1979 and placed on five years probation. On February 16, 1981 a motion to revoke this probation was filed, alleging that appellant "violate[d] the terms and conditions of his probation by unlawfully committing the offense of AGGRAVATED ROBBERY Cause Number 323,835 on or about October 10, 1980 ...." On the same day trial began in Cause Number 323,835. The trial resulted in a conviction. On February 17, at the conclusion of the punishment phase of the trial, the trial judge assessed punishment at twenty five years confinement. At this time the judge also proceeded to revoke appellant's probation in Cause Number 282,568, based on the evidence heard during the trial in Cause Number 323,835.[1] On March 3, 1981 both cause numbers were called for sentencing. At no time during any of the proceedings did appellant voice an objection to or other-

---

1. "On the jury's verdict of guilty, the evidence before this court, the court assesses punishment ... for the offense of aggravated robbery. The court finds that there was a deadly weapon used in connection with the offense. In Cause No. 282568 which is pending, Motion to Revoke Probation, the court, based on the evidence the court has heard, is revoking your probation for the offense of theft from person, punishment of five years will become operative in that. You have ten days on each case to accept sentence or file motion to be heard, counsel."

wise challenge the procedure utilized to revoke his probation and to impose sentence.

On appeal, appellant contended he was denied due process because the trial court failed to provide him with notice that it was considering the motion to revoke at the time of his trial for aggravated robbery. The First Court of Appeals found that since appellant did not file a motion demanding a hearing, or object to the trial court's action, he waived his right to a revocation hearing. *Herndon v. State,* supra, at 504.

With respect to the first finding, we hold as a matter of law that availability of a hearing on motion of the State to revoke probation does not depend upon a demand therefor by a probationer. Not only are due process protections implicated by the filing of a motion to revoke, e.g., *Ruedas v. State,* 586 S.W.2d 520 (Tex.Cr.App.1979) and cases cited therein, but also the statute itself plainly contemplates such a hearing.

Thus Article 42.12, § 8(a) germanely provides that when a probationer is arrested on order of the court he may be detained "until he can be taken before the court;" arrest and detention are to be reported to the court. The next sentence formerly read: "Thereupon, the court shall cause the defendant to be brought before it and *after a hearing without a jury,* may either continue or revoke the probation." [2] [See Historical Note.]

■ That the Legislature rewrote the sentence to ensure that a probationer not enlarged on bail might demand a speedy hearing does not eliminate the necessity for a hearing on a motion to revoke with respect to every other probationer admitted to bail. The statute continues with provisions for amending the motion relative to "the date of the revocation hearing," but precludes amendment "after the commencement of taking evidence at the hearing;" the court is authorized to "continue the hearing for good cause shown." Burden of proof is assigned in certain situations by § 8(c). Those provisions make abundantly clear that after a motion to revoke probation has been filed and before probation may be revoked, a trial court—with or without demand by a probationer—must conduct some character of hearing on the motion that comports with a measure of due process.[3]

■ Therefore, we conclude the court of appeals erred in finding that, since appellant did not file a motion demanding a hearing, he waived his right to one.

As its other reason for holding that appellant waived his right to revocation hearing, the court of appeals found that appellant did not object to the action by the trial court in revoking probation based on evidence heard in the trial for aggravated robbery. On that score appellant contends that he was presented with a *fait accompli,* so that "it would have been futile to object to the revocation after the fact." He argues that the proposition laid down by this Court in *Rogers v. State,* 640 S.W.2d 248 (Tex.Cr.App.1982) and *Wright v. State,* 640 S.W.2d 265 (Tex.Cr.App.1982), is not applicable under the circumstances of this case in that, unlike those probationers, appellant had no notice that a motion to revoke had been filed and that it was

---

2. All emphasis is added throughout by the writer of this opinion unless otherwise indicated.

3. Properly understood, *Cleland v. State,* 572 S.W.2d 673 (Tex.Cr.App.1978), did not allow a revocation without due process protections: Cleland had advance notice of the motion to revoke and that "the revocation proceeding would be connected in some manner with the trial of the offense alleged for revocation;" represented by counsel, he was afforded all trial rights and privileges; the trial court found and stated an evidentiary basis supporting the ground alleged for revocation. Where the ground alleged for revocation is commission of a penal offense and the probationer is tried and found guilty of that offense, that the court thereafter revokes probation without a "separate" hearing is not a deprivation of due process—unless the probationer can show that he was denied the right to present relevant evidence material to informing the discretion of the trial judge on the question of whether probation should be continued, modified or revoked. See generally *Flournoy v. State,* 589 S.W.2d 705 (Tex.Cr.App. 1979).

being heard along with the trial for aggravated robbery. Therefore, he had no occasion to object before the court pronounced that his probation was being revoked based on evidence just heard in the aggravated robbery trial. We believe too much has been made of a failure to "object to the trial court's actions" in this cause.

Trial of the aggravated robbery was completed, order revoking probation was pronounced and sentence imposed long before September 1, 1981. Thus the former procedures relative to judgment, motion for new trial and sentencing were followed, and for our purposes here are applicable. As indicated *ante*, note 1, the trial court expressly informed counsel for appellant that he had ten days "to accept sentence or file motion to be heard." Then when counsel requested that matters be so deferred, the court inquired, "Defer it for ten days with any motion to be filed?" and counsel responded in the affirmative.

There was no motion in arrest of judgment pursuant to former Chapter 41, V.A.C.C.P. We do find in the record a motion for new trial with both cause numbers, filed February 18, 1981. Only two grounds are stated: the verdict is contrary to the law and evidence, and new material testimony has been discovered since the trial that if true would most likely produce a different result. See former Article 40.03, V.A.C.C.P. However, nothing in the record reflects that the motion was presented to the trial court in either cause, Article 40.05, *id.*, and on March 3, 1981 during allocution prior to sentencing appellant gave no reason to prevent sentencing that implicated the manner of procedure by which his probation had been revoked. See Article 42.-07, *id.*

 In these circumstances that appellant did not object when the trial court proceeded to revoke probation is but one consideration. Assuming that notice of the motion to revoke was not served on appellant and that he did not plead to it before the trial court pronounced its determination to revoke probation, still such deficiencies were correctable thereafter. See *Peltier v.*

*State,* 626 S.W.2d 30 (Tex.Cr.App.1981). Given the several opportunities available to appellant, that pronouncement was not a fait accompli; yet appellant made no effort whatsoever to demonstrate any denial of due process he may have suffered. Under this record, we do not find such a denial on our own.

The judgment of the court of appeals is affirmed.

TEAGUE, J., concurs in result.

ONION, P.J., and MILLER, J., dissent.