Aubrey Eugene YOUNGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 550–84.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 27, 1985.

Richard Alan Anderson, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Anne B. Wetherholt, Lynn Hastings and William G. Edie, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The Dallas Court of Appeals held that appellant was denied due process in a probation revocation hearing because "the record does not reflect that appellant ever received *written* notice of the claimed violations."[1] Given the straightforward nature of the only question presented, we granted review to examine the matter and decide whether the court of appeals correctly reversed the judgment of conviction on the basis stated by it.

The problem here is simply that one cannot find in the record any paper showing that appellant received or was served with the motion to revoke probation. To be technical about it, a failure of that kind of showing in an appellate record is not a denial of due process. It is no more than a negative suggestion that the motion was not served or received.

We have recently dealt with that same problem in *Herndon v. State* 679 S.W.2d 520 (Tex.Cr.App.1984). In *Herndon* the complaint was twofold: he had no notice that a motion to revoke had been filed *and* that it was being heard along with the trial for the same offense giving rise to a ground to revoke. *Herndon,* supra, at 522–523.[2]

---

1. Emphasis is in original opinion of the court in *Younger v. State,* (Tex.App.—Dallas, No. 05–83–00374–CR, delivered March 19, 1984). All other emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. In the instant cause, however, appellant was provided notice of the latter procedure when at the outset of trial for possessing a prohibited weapon the prosecuting attorney, indicating to the court the file before it, requested the trial judge "to consider the State's Motion to Revoke filed in his previous case number ... [and] to consider the evidence during this trial in considering the State's Motion to Revoke in that case." The judge responded, "In Cause F–81–2911–GH, State versus Aubrey Eugene Younger, the Court will do that." Whereupon further proceedings were recessed over the noon hour.

Moreover, thereafter when the motion to revoke was read to appellant, although the trial court ordered pleas of not true to be entered with respect to two grounds, counsel for appellant entered a plea of true to violation of the remaining condition.

■ Unlike *Herndon,* all material proceedings occurred after September 1, 1981. However, like *Herndon,* there were several procedural opportunities available to appellant to correct the deficiency he now claims denied him due process, "yet appellant made no effort whatsoever to demonstrate any denial of due process ... [and] we do not find such a denial on our own." *Herndon,* 679 S.W.2d at 523.

Following *Herndon's* lead, we emphasize that a claim such as this one is not likely to be considered on appeal when available post trial procedures have not been utilized to "make the record speak the truth" about that which is merely suggested.

The judgment of the Dallas Court of Appeals is reversed and that of the trial court is affirmed.

TEAGUE, Judge, concurring.

The record of this cause reflects that the Dallas Court of Appeals set aside the trial court's order revoking the probation of Aubrey Eugene Younger, appellant, after it found that the record on appeal did not affirmatively reflect that appellant was ever served with a copy of the State's written motion to revoke his probation. See *Younger v. State,* (Tex.App.—Dallas, No. 05–83–00374–CR, March 19, 1984). Because I believe that the majority of this Court correctly reverses the court of appeals, but gives the wrong reasons, I only concur in the result it reaches.

Although I find that the majority of this Court reaches the right result, that the court of appeals erred in holding that merely because the record on appeal does not affirmatively reflect that appellant ever received written notice of the State's motion to revoke, I am unable to agree that what is before this Court is "the same problem" that was before this Court in *Herndon v. State,* 679 S.W.2d 520 (Tex.Cr.App.1984). The "problem" that was present before this Court in *Herndon,* supra, involved a situation where the record did not affirmatively reflect that the probationer saw a copy of the State's written motion to revoke prior to the trial that was held on the primary

offense, which offense was the basis for the subsequent order of revocation. Because the defendant Herndon was unable to establish how he had been deprived of a defense, or had failed to establish how he had been injured by lack of notice, if any, he could not complain on appeal. In this instance, it is true that the record on appeal does not affirmatively reflect that appellant was ever served with a copy of the State's written motion to revoke prior to the hearing on the State's motion. The record also does not affirmatively reflect whether or not appellant or his attorneys ever informally received a copy of the State's written motion to revoke. Of course, if either of appellant's attorneys formally or informally received a copy of the State's motion, such could be imputed to appellant. See *Wray v. State,* 89 Tex. Cr.App. 632, 232 S.W. 808 (Tex.Cr.App. 1921). Notwithstanding the fact that the record should have affirmatively reflected that appellant did receive a copy of the State's written motion prior to the hearing, the fact that it does not so reflect does not mean that the defendant did not either formally or informally receive a copy of such motion. I am unable to agree with the Court of Appeals that simply because the record on appeal did not reflect that appellant was served with a copy of the State's written motion to revoke his probation, that this, standing alone, is sufficient to set aside an order revoking the defendant's probation.

In this instance, the record on appeal affirmatively reflects that prior to when the trial on the unlawful possession of the sawed-off shot gun case commenced, but in the presence of the appellant and his attorneys, the trial court granted the State's oral motion that for purposes of the State's written motion to revoke appellant's probation, it would take into consideration the evidence that would be adduced at the trial on the merits. Not without debate, this procedure has been approved by this Court. See *Barrientez v. State,* 500 S.W.2d 474 (Tex.Cr.App.1973). The record also reflects that neither appellant nor his two

attorneys objected to such procedure. The record also reflects that appellant and his attorneys were fully aware that the trial court, in deciding whether to grant the State's motion to revoke, would consider the evidence adduced during the trial on the merits involving the sawed-off shotgun when it decided whether or not to grant the State's motion to revoke.

The record reflects that after the jury retired to deliberate to decide whether the State had proved beyond a reasonable doubt the allegations of the indictment that appellant had unlawfully possessed a sawed off shotgun, the trial court then took up the State's motion to revoke appellant's probation. One of the prosecuting attorneys read aloud to appellant the State's motion, after which appellant entered a plea of true to the allegation in the motion to revoke that he had violated the condition of his probation that he pursue vocational training. The record reflects that the trial court more than adequately admonished appellant regarding his plea of true. Appellant pled "not true" to the gun charge and the other alleged violation. The trial court, as did the jury, found beyond a reasonable doubt that appellant had unlawfully possessed the sawed-off shotgun. The trial court, however, found that appellant had not violated the condition of probation that he maintain suitable employment.

In this instance, but as previously noted, neither appellant nor his attorneys ever objected to the procedures that were invoked in this cause, and the record clearly reflects that it was not until after this cause was placed on appeal that appellant first asserted that because the record on appeal did not affirmatively reflect this fact, that this nullified the trial court's order of revocation. Appellant has never asserted he was harmed by not receiving a copy of the State's motion to revoke prior to the hearing on the motion to revoke, assuming that he did not receive such a copy, either formally or informally. As to the gun case, the record clearly reflects that the appellant's two attorneys were extremely well prepared and defended appellant in a competent manner. They were more than effective counsel. In light of their representation on the gun case, it is almost unbelievable or inconceivable that neither attorney would not have perused the State's written motion to revoke prior to the trial on the merits of the gun case or prior to the hearing that was thereafter conducted on the State's motion to revoke appellant's probation.

Contrary to *Herndon,* supra, in this instance, the record reflects that prior to the hearing on the State's motion to revoke, the State's motion to revoke was read aloud to appellant by one of the prosecuting attorneys. Neither appellant nor his attorneys ever complained or objected about not receiving any written notice, if in fact they did not previously, formally or informally, receive a copy of the State's written motion to revoke. At no time did either complain about receiving notice in the manner in which they did. No continuance was sought. Thus, we are not confronted with a situation where the record does not reflect that the accused was not given any notice, either written or oral, of the reasons why the State sought an order from the trial court revoking his probation.

I pause to also emphasize that at no time did either appellant or his attorneys assert that they were unprepared for the hearing on the State's motion to revoke. Nor does appellant complain on appeal that he was deprived of any defense which he might have interposed had he been served with a copy of the written motion to revoke prior to the hearing, assuming that neither he nor his attorneys did not receive a copy of the State's written motion prior to the hearing.

I find that both appellant and his attorneys were given sufficiently fair notice of what the State intended to prove against appellant in order that the trial court could revoke his probation, and that appellant's rights were in all things adequately protected. Cf. *Garner v. State,* 545 S.W.2d 178 (Tex.Cr.App.1977); *Kuenstler v. State,* 486 S.W.2d 367 (Tex.Cr.App.1972); *Jans-*

*son v. State,* 473 S.W.2d 40 (Tex.Cr.App. 1971); *Campbell v. State,* 456 S.W.2d 918 (Tex.Cr.App.1970).

Notwithstanding what I have stated, I do not mean to depart from what this Court stated in *Campbell v. State,* supra, or the principles of law stated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); or what this Court has stated in, for example, *Whisenant v. State,* 557 S.W.2d 102 (Tex.Cr.App.1977), *Wester v. State,* 542 S.W.2d 403 (Tex.Cr.App.1976), and *Caddell v. State,* 605 S.W.2d 275 (Tex.Cr.App.1980), regarding the rudiments of due process to which a parolee or a probationer is entitled to receive under our law, which includes, in a revocation of probation proceeding, when demanded, personally receiving a copy of the written notice of the claimed violations. In this instance, there is no question but that the record should have reflected that appellant, either formally or informally, personally or through counsel, received a copy of the State's written motion to revoke. Notwithstanding this omission in the record, but in light of the facts and circumstances of this case, I am compelled to find that appellant received adequate and sufficient notice of the State's allegations of why it was going to seek an order revoking appellant's probation. Appellant has never contended or shown, and the record does not reflect, that he was in any way injured by not receiving a copy of the State's written motion to revoke his probation, assuming that this did not occur.

In this instance, if appellant did not receive, either personally or through counsel, prior to the hearing on the State's written motion to revoke, a copy of the State's written motion to revoke, such error of omission was harmless to appellant.

Thus, for the above and foregoing reasons, I concur in the result the majority reaches, that the Court of Appeals erred by holding that simply because the record on appeal did not affirmatively reflect that appellant had received a copy of the State's written motion to revoke, that this, stand-ing alone, was sufficient to require a reversal of the trial court's order of revocation.