**Melvin Stanley EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00303–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 13, 1986.

Don Metcalfe, Dallas, for appellant.

Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, DEVANY and SCALES, JJ.

AKIN, Justice.

Our original opinion in this cause, dated November 15, 1985, is withdrawn, and this opinion is substituted therefor. Melvin Stanley Evans was convicted for first-degree-felony violation of the Controlled Substances Act and punishment was assessed at ten years in the Texas Department of Corrections, probated. Appellant's initial probation was revoked, and he subsequently was released, ostensibly on shock probation. In his sole ground of error, appellant asserts that the trial court erred in voiding his shock probation on November 21, 1984, and in resentencing him in reliance solely upon a revocation hearing held in August 1983. We agree that appellant was entitled to a new hearing prior to incarceration after his release under an order granting him shock probation. Nevertheless, because appellant failed to assert his due process right to a hearing in the trial court, no error is preserved. Accordingly, we affirm.

The following timetable of events is useful for clarification:

| | |
|---|---|
| January 24, 1983 | Appellant pleaded guilty to first degree felony, and punishment was set at 10 years, probated. |
| June 24, 1983 | State filed first motion to revoke appellant's probation. |
| August 25, 1983 | Appellant pleaded true to first motion to revoke. The court revoked probation, but improperly reduced the punishment to four years and |

|  |  |
|---|---|
|  | sentence was imposed accordingly. |
| October 28, 1983 | Trial court granted appellant's motion for shock probation, set the term at five years, and ordered his release. |
| October 25, 1984 | State filed second motion to revoke probation. |

A "hearing" was held on November 21, 1984, ostensibly for the purpose of ruling on the State's October 25, 1984, motion to revoke appellant's probation. Upon calling appellant's case, the trial court, instead of hearing evidence on revocation, announced that it had discovered error in reducing appellant's punishment to four years at the August 1983 revocation hearing. Because the punishment then given was below the statutory minimum of five years, the trial court found the prior sentence to be void. At that point, the trial court stated that the August 1983 revocation of probation was still effective and allowed the State to argue the question of punishment. The trial court asked defense counsel if he had any objections to this procedure. Appellant's attorney[1] replied that he did not. After the State's argument, the trial court asked if there was any reason why the appellant should not be sentenced at that time. Again, defense counsel stated that there was not. The court then sentenced appellant to five years and, based on the 1983 revocation, he was immediately incarcerated.

Although the trial court's order of November 21, 1984, recites that a hearing was held on the October 1984 motion to revoke probation, no evidence was adduced as to revocation. The order in fact relies upon the original revocation in 1983 to support its imposition of sentencing in 1984. The court's justification for this action, as reflected in the statement of facts, is that the August 1983 sentence "was and is void and everything I did after that as regards to placing on shock probation was and is void...."

The State contends that the trial court correctly determined that its August 1983 sentence and its October 1983 order granting shock probation were void. If the sentence was void, the State asserts, then no sentence was "imposed," and the trial court had no sentence to suspend by granting shock probation. As a result, the shock probation order must also be void; only the revocation of probation stands as a valid court order. Because a hearing was required in any event, however, we need not decide this question.

■ Even if the shock probation order was "void," as the State contends, appellant was still entitled to a new hearing on the motion to revoke probation. Regardless of how appellant's status is characterized, he was not incarcerated at the time the State filed its October 1984 motion to revoke. Under these circumstances, because of the lapse of time between the 1983 finding of breach of probation and the 1984 sentencing, due process would require that a new hearing be held. *Rogers v. State,* 640 S.W.2d 248, 251–52 (Tex.Crim.App. 1982); *Wright v. State,* 640 S.W.2d 265, 270 (Tex.Crim.App.1982). In *Rogers* the court stated, "the probationer who has been returned to probation after a hearing, regardless of the procedural label, retains the valuable liberty of probation and the due process protection of the Fourteenth Amendment...." *Rogers,* 640 S.W.2d at 252. As in *Rogers* appellant here was given the "valuable liberty of probation" after the revocation hearing, regardless of how the procedures used may be characterized. And as in *Rogers* and *Wright,* the time lapse between the original hearing and the eventual order of "revocation" and sentencing here requires that a new hearing be held.

■ Nevertheless, we must affirm the judgment of the trial court because the appellant never objected to the procedure followed by the trial court. Thus, although a hearing on the State's motion to revoke probation was required by due process of law, appellant waived this right. *Herndon v. State,* 679 S.W.2d 520, 522–23 (Tex.Crim. App.1984); *Rogers,* 640 S.W.2d at 265; *Wright,* 640 S.W.2d at 270. In *Herndon,*

1. Appellant is represented by different counsel on this appeal.

*Rogers* and *Wright,* the failure to object in the trial court resulted in waiver of the probationer's due process right to a hearing on the motion. Accordingly, we hold that appellant here waived his right to a hearing on the 1984 motion for revocation of probation.

Affirmed. Appellant's motion for rehearing is overruled.