Affirmed and Memorandum Opinion filed July 6, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00328-CR

___________________

 

Phillip Levine, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 54th District Court

McLennan County,
Texas



Trial Court Cause No. 2006-612-C2

 



 

 

MEMORANDUM OPINION

Appellant, Phillip Levine, was charged by indictment with
the felony offense of possession of a controlled substance, namely cocaine, in
an amount less than one gram.  The offense was alleged to have been committed
on or about April 25, 2005.  Appellant pled guilty to the charge and was
sentenced to 18 months’ confinement and assessed a fine of $500.  The sentence
was suspended and appellant was placed on community supervision for three years. 
On December 12, 2008, the State filed a motion to revoke probation, alleging
that on or about November 28, 2008, appellant changed residences and traveled
to a different county without obtaining permission from his community
supervision officer.  

At the probation revocation hearing held on March 12,
2009, appellant pled true to the allegations; the trial court set his
punishment at six months’ confinement in the state jail.  The trial court
certified appellant’s right to appeal, and this appeal followed.[1]  

Analysis

Appellant presents two issues on appeal.  In his
first issue, appellant contends that the trial court erred in accepting
appellant’s guilty plea without first determining whether appellant was
mentally competent.  In his second issue, appellant contends that the record
does not reflect that he was served with a written copy of the State’s motion to
revoke probation, in violation of his due process rights.  We address each issue
in turn.

I.         Competency

In his first issue, appellant argues that the trial
court erred in accepting his guilty plea without first determining sua
sponte whether he was mentally competent to submit the plea.  

Texas Code of Criminal Procedure article 42.12, §
23(b) provides in part:

The right of the defendant to appeal for a review of the
conviction and punishment, as provided by law, shall be accorded the defendant
at the time he is placed on community supervision.  When he is notified that
his community supervision is revoked for violation of the conditions of
community supervision and he is called on to serve a sentence in a jail or in
the Texas Department of Criminal Justice, he may appeal the revocation.

Tex. Code Crim. Proc. Ann.
art. 42.12 § 23(b) (Vernon Supp. 2009).

Appellant did not appeal the trial court’s decision
when the trial court found him guilty and placed him on community supervision. 
A defendant who is placed on community supervision may raise issues relating to
the original plea proceeding only in an appeal taken when community supervision
is originally imposed. Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim.
App. 1999); Burrell v. State, 492 S.W.2d 482, 483 (Tex. Crim. App.
1973); see Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001)
(en banc).  Appellant’s complaint on appeal about his competency arises from
his original plea proceeding; it does not arise from the revocation of his community
supervision.  See Dilla v. State, No. 05-09-01076-CR, 2010 WL 1856175,
at *1 (Tex. App.—Dallas Apr. 27, 2010, no pet.) (not designated for
publication).  Appellant was convicted and placed on community supervision on
September 19, 2006, and was required to perfect an appeal within 30 days.  See
Tex. R. App. P. 26.2(a) (when no motion for new trial is filed, a defendant
must appeal within thirty days after a sentence is imposed or suspended).  Appellant
did not timely appeal the trial court’s order placing him on community
supervision.  Therefore, appellant may not raise an issue concerning the
original plea proceeding in this appeal.  See Dilla, 2010 WL 1856175, at
*1 (complaint that trial court failed to consider defendant’s competency at the
original plea proceeding must be raised in a timely appeal after defendant is
placed on community supervision, not after his community supervision is
revoked).  

Accordingly, we overrule appellant’s first issue.

II.        Written Notice

In his second issue, appellant argues there is
nothing in the record showing he was served with a copy of the State’s motion
to revoke probation.  Appellant contends that proceeding to revoke his
probation without notice violates due process.  

The defendant at a
revocation of probation proceeding need not be afforded the full 

range of constitutional and
statutory protections available at a criminal trial.  Ruedas v. State, 586
S.W.2d 520, 523 (Tex. Crim. App. 1979); Moore v. State, 11 S.W.3d 495, 499
(Tex. App.—Houston [14th Dist.] 2000, no pet.).  To meet the requirements of
due process, the revocation of probation must be preceded by a hearing where
the probationer is entitled to written notice of the claimed violations of his
probation.  Ex parte Carmona, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006)
(citing Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973)). 

Generally, appellate courts will not consider any
error that counsel for accused could have but did not call to the trial court’s
attention at a time when such error could have been avoided or corrected.  Rogers
v. State, 640 S.W.2d 248, 264 (Tex. Crim. App. 1982) (op. on 2d reh’g). 
This general rule also applies to asserted constitutional violations.  Id. 
Appellant cannot complain on appeal that the trial court failed to meet due
process requirements when he has not preserved this error by making a due
process objection.  Id. at 263.  Failure to object at the hearing waives
any error.  Id. at 264.  

Appellant’s responses at the revocation hearing indicate
that he was well aware of the claimed violations:

THE COURT:  Now, the State has had to file a motion to
revoke your probation in which they allege you have violated the terms and
conditions of your probation in some three different ways.  Have you been over
the allegations in the motion to revoke with your attorney?

APPELLANT:  Yes, Your Honor.

THE COURT:  And do you understand what the State is
alleging that you did or didn’t do that violates the terms and conditions of
your probation?

APPELLANT:  Yes, Your Honor.

THE COURT:  Do you understand you have the right to plead
true or not true to these allegations?

APPELLANT:  I understand, Your Honor.

THE COURT:  Then if you would listen carefully while the
State’s attorney reads the allegations.

APPELLANT’S COUNSEL:  Your Honor, Mr. Levine would waive
the reading of the allegations and tenders his plea of true to all of the
allegations in the motion.

THE COURT:  Is that what you wish to do, Mr. Levine, is
enter a plea of true to all of the allegations under Roman Numeral 2 of the
State’s motion to revoke probation?

APPELLANT:  Yes, Your Honor.

*                                  *                                  *

THE COURT:  Then, Phillip Levine, the Court receives your
pleas of true to all of the allegations under Roman Numeral 2 of the State’s
motion to revoke your probation and finds that you have violated the terms and
conditions of your probation as alleged therein.  The Court is therefore going
to revoke your probation.  I am going to modify your sentence.  I’m going to
modify your sentence to six months and a $500 fine.

            Do you know of any reason why under law you
should not be sentenced at this time?

APPELLANT’S COUNSEL:  No reason, Your Honor.

Appellant acknowledged going over “the allegations in
the motion to revoke” that the State filed.  Neither appellant nor his attorney
objected to the lack of written notice at the revocation hearing.  Appellant
waived a reading of the allegations against him.  Appellant’s trial counsel
sent two letters to the trial court explaining appellant’s intent to plead true
to the allegations and be sentenced to six months in the state jail, and also requested
that the hearing be set.

Appellant argues only that the record fails to show
that he was served with written notice of the motion to revoke.  The absence of
such a showing in an appellate record is not a denial of due process, and is no
more than a negative suggestion that the motion was not served or received.  See
Younger v. State, 685 S.W.2d 657, 658 (Tex. Crim. App. 1985) (en banc).  Appellant
has failed to show that he was not given sufficient notice of the allegations
against him.  Accordingly, we overrule appellant’s second issue.

Conclusion

We affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Yates and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] This appeal was
transferred to the Fourteenth Court of Appeals from the Tenth Court of
Appeals.  In cases transferred by the Supreme Court of Texas from one court of
appeals to another, the transferee court must decide the case in accordance
with the precedent of the transferor court under the principles of stare
decisis if the transferee court’s decision otherwise would have been
inconsistent with the precedent of the transferor court.  See Tex. R.
App. P. 41.3.