

**NUMBER 13-12-00178-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**SAMMY G. DAVILA,**                                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                      **Appellee.**

---

**On appeal from the 107th District Court
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Chief Justice Valdez**

By three issues, appellant, Sammy G. Davila, appeals from a judgment revoking his community supervision and sentencing him to imprisonment for seven years in the Texas Department of Criminal Justice-Institutional Division.  We affirm.

## I. BACKGROUND

Appellant was arrested for driving while intoxicated on December 8, 1998. Thereafter, appellant was indicted for driving while intoxicated with two prior convictions, a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.04(1)(b)(7)(a) (West Supp. 2011). On August 27, 1999, appellant signed a written waiver and consent to stipulation of testimony, waiver of jury, and plea of guilty. Among other things, appellant stated that each and every allegation in the indictment was true and correct. The trial court accepted appellant's guilty plea, found him guilty, and sentenced him to seven years' imprisonment. Subsequently, the court suspended the sentence and placed appellant on community supervision for a period of seven years.

On May 8, 2001, the State filed its Motion to Revoke Community Supervision Probated Sentence. On March 1, 2004, the trial court entered a show cause order against the State, directing the State to appear and show cause, if any, why its motion to revoke should not be dismissed for want of prosecution. On March 24, 2004, the State filed a letter brief with the court, explaining that appellant had been "classified as an absconder" since June 2000 and detailing the State's efforts to locate and arrest appellant. On September 5, 2007, the trial court entered its Order Setting Hearing for Dismissal for Want of Prosecution on Motion to Revoke and/or Motion to Adjudicate. Thereafter, the State filed a second letter brief with the court, explaining that appellant's "whereabouts remain unknown at this time." The State also noted that appellant's term of community supervision had expired on September 24, 2006, but the case remained open pending the State's motion to revoke. On October 9, 2009, the trial court entered a show cause order, directing the State to appear and "present evidence as to all

2

diligence heretofore used to effect the arrest of the Defendant herein to answer to the Motion." Again, the State filed a letter brief, setting forth its efforts to locate and arrest appellant.

On November 17, 2011, appellant was arrested in Hidalgo County for theft of a motor vehicle. The court's docket sheet reflects that appellant was in custody and appointed counsel on November 28, 2011. The State's motion to revoke was set for hearing on December 7, 2011; however, it was re-set for January 12, 2012 to allow appellant to retain counsel. On January 12, 2012, the trial court continued the hearing until February 6, 2012 to allow more time for appellant to retain counsel.

On February 6, 2012, the trial court held a hearing on the State's motion to revoke. Appellant pleaded true to the violations alleged in the State's motion. The trial court found the allegations to be true and sentenced appellant to seven years' imprisonment. This appeal ensued.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends that the judgment is void because the evidence was insufficient to prove that he had been convicted of the offense of driving while intoxicated on two prior occasions.

### A. Standard of Review

Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.) (characterizing the *Jackson* standard as: "Considering all of

3

the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt"). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Anderson v. State*, 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Id.* (citing *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)). We must resolve any inconsistencies in the testimony in favor of the verdict. *Id.* (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

In reviewing the sufficiency of the evidence, we look at events occurring before, during, and after the commission of the offense, and we may rely on actions of the appellant that show an understanding and common design to do the prohibited act. *See Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Each fact need not point directly and independently to the appellant's guilt, so long as the cumulative effect of all the incriminating facts is sufficient to support the conviction. *Id.*

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 307 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240).

## B. Applicable Law

The prior intoxication-related offenses, whether they are felonies or misdemeanors, serve the purpose of establishing whether the instant offense qualifies as felony driving while intoxicated. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). The prior intoxication-related offenses are elements of the offense of driving while intoxicated. *Id.* They define the offense as a felony and are admitted into evidence as part of the State's proof in its case-in-chief during the guilt-innocence stage of the trial. *Id.*

Under Texas law, a defendant's guilty plea does not prove up the guilt of the defendant where the jury has been waived. *Brink v. State*, 78 S.W.3d 478, 484 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Accordingly, questions regarding both the sufficiency and admissibility of the State's evidence remain at issue after the plea. *Id.* The State can satisfy its burden of proof and support the plea in various ways. The two chief methods of supporting a plea are by the introduction of (1) stipulated evidence or (2) a judicial confession. *Id.*

## C. Discussion

After appellant pleaded guilty, the State offered two exhibits: (1) the written waiver and consent to stipulation of testimony, waiver of jury, and plea of guilty that was previously signed by appellant; and (2) the offense report by the arresting officer. Defense counsel stated he had "no objections" to the evidence. Thereafter, the evidence was admitted.

Appellant argues that the stipulation of testimony is insufficient to prove that he was previously convicted for driving while intoxicated. As noted above, however, the

stipulation of testimony covered "each and every allegation" in the indictment. The indictment specifically alleged that appellant had been convicted of driving while intoxicated on two prior occasions. In the stipulation of testimony, appellant admitted that he was the same person identified in the indictment and admitted further that each and every allegation in the indictment was true and correct. This evidence is sufficient to establish appellant's prior convictions.

Appellant's first issue is overruled.

### III. IMPROPER SERVICE

In his second issue, appellant argues that the State failed to properly serve its motion to revoke.

#### A. Applicable Law

Due process protections apply in the context of revocation proceedings. *Herndon v. State*, 679 S.W.2d 520, 522 n.3 (Tex. Crim. App. 1984). Although a failure to receive notice of the State's motion to revoke implicates these protections, the Texas Court of Criminal Appeals has refused to find a violation of due process where the appellant makes "no effort whatsoever to demonstrate any denial of due process he may have suffered." *Id.* at 523.

#### B. Discussion

In this case, there is nothing in the record to show when, if ever, appellant received a copy of the State's motion to revoke. The Court of Criminal Appeals, when faced with a similar record, explained as follows:

> The problem here is simply that one cannot find in the record any paper showing that appellant received or was served with the motion to revoke probation. To be technical about it, a failure of that kind of showing in an

appellate record is not a denial of due process. It is no more than a negative suggestion that the motion was not served or received.

*Younger v. State*, 685 S.W.2d 657, 658 (Tex. Crim. App. 1985). The court noted, "[A] claim such as this one is not likely to be considered on appeal when available post trial procedures have not been utilized to make the record speak the truth about that which is merely suggested." *Id.* at 659.

In this case, there was no objection to any purported lack of notice. Appellant did not attempt to use post-trial procedures to make the record speak the truth. Therefore, the issue of whether appellant was actually served properly remains a matter of surmise and suspicion and is not a valid basis for finding a violation of due process. *See id.*

Appellant's second issue is overruled.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his third issue, appellant argues that he received ineffective assistance of counsel.

### A. Applicable Law and Standard of Review

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. 1 § 10; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051 (West Supp. 2011). To prove ineffective assistance of counsel, the defendant must meet the heavy burden established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, assistance of counsel is ineffective if, in considering the totality of the circumstances: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been different. *Id.*; *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim.

7

App. 1995). "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We will not find counsel ineffective when the record is silent as to counsel's reasoning or strategy. *Godoy v. State*, 122 S.W.3d 315, 322 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

## B. Discussion

Appellant's claim of ineffective assistance of counsel is based on his assertion that the underlying judgment of guilt is void because there was insufficient evidence to prove the two prior convictions alleged in the indictment. This assertion was raised in appellant's first issue, which we have overruled for the above-stated reasons. Appellant's third issue presents nothing further for this Court to discuss. *See* TEX. R. APP. P. 47.1. Accordingly, it is overruled.

## V. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
7th day of February, 2013.