**AFFIRM; and Opinion Filed July 9, 2013.**



In The

### No. 05-12-01170-CR

### JARED CODY PARKER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 59th Judicial District Court
Grayson County, Texas
Trial Court Cause No. 057080-59**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

Appellant Jared Cody Parker entered a guilty plea in 2008 to aggravated sexual assault of a child. The trial court placed appellant on ten years deferred adjudication, which included 180 days in county jail and a $10,000 fine. On May 4, 2012, the State filed a motion to adjudicate guilt based on eight alleged violations of his probation. The trial court granted the State's motion to adjudicate guilt and sentenced appellant to ten years' imprisonment.

On appeal, appellant contends the trial court deprived him of due process and erred when it denied his oral motion to dismiss because there is no evidence in the record that the State provided him written notice of the alleged probation violations, and the State failed to disclose the evidence against him. The State responds appellant waived his argument by waiting until after the State rested its case-in-chief to make an oral request for dismissal based on due process grounds. We agree with the State and affirm the trial court's judgment.

The defendant at a revocation of probation proceeding need not be afforded the full range of constitutional and statutory protections available at a criminal trial. *Moore v. State*, 11 S.W.3d 495, 499 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Generally, appellate courts will not consider any error that defense counsel could have, but did not call to the trial court's attention at a time when such error could have been avoided or corrected. *See, e.g., Rogers v. State*, 640 S.W.2d 248, 263 (Tex. Crim. App. 1981) (holding defendant waives his due process objection when he fails to present it to the trial court); *Levine v. State*, No. 14-09-00328-CR, 2010 WL 2649937, at *2 (Tex. App.—Houston [14th Dist.] July 6, 2010, no pet.) (mem. op., not designated for publication). This general rule likewise applies to asserted constitutional violations. *Levine*, 2010 WL 2649937, at *2.

Appellant cannot complain on appeal that the trial court deprived him of due process when he failed to make a timely due process objection. *See* TEX. R. APP. P. 33.1; *Olson v. State*, No. 05-06-01154-CR, 2007 WL 2410908, at *1 (Tex. App.—Dallas Aug. 27, 2007, no pet.) (not designated for publication) ("To preserve a complaint for review, a party must timely object-at his first opportunity or as soon as the basis for the objection becomes apparent."). Here, rather than asserting due process objections at the beginning of the hearing on the State's motion to adjudicate guilt, appellant waited until after the State rested. This certainly was not the first opportunity for appellant to bring any alleged violation to the trial court's attention. Rather, appellant should have objected immediately after the trial court confirmed his name, asked if he wished to enter a plea of not true, and then proceeded to call the first witness. Because appellant did not timely object to the trial court, we conclude he failed to preserve his issue for review.

Even if we concluded appellant preserved his argument, his only complaint is that the record fails to show he received written notice of the motion to adjudicate. The absence of such a showing in an appellate record is not a denial of due process and is no more than a negative

–2–

suggestion that the motion was not served or received. *See Younger v. State*, 685 S.W.2d 657, 658 (Tex. Crim. App. 1985) (en banc) (concluding defendant's argument that the record did not show he ever received a written notice of the claimed probation violations was not a due process violation); *see also Parks v. State*, No. 05-00-00747-CR, 2000 WL 1474083, at *1 (Tex. App.—Dallas Oct. 5, 2000, no pet.) (not designated for publication). Therefore, appellant's argument is without merit. Accordingly, we overrule appellant's sole issue.

The judgment of the trial court is affirmed.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47


121170F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JARED CODY PARKER, Appellant

No. 05-12-01170-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 057080-59.
Opinion delivered by Justice O'Neill.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of July, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE

–4–