Carlos **RUEDAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 57947, 57948.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 19, 1979.

---

Janet Stockard, Austin, for appellant.

Ronald Earle, Dist. Atty. and Charles E. Hardy, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

These are appeals from a conviction for burglary of a vehicle (Cause No. 57,948) and an order of the court revoking appellant's probation (Cause No. 57,947).

On April 7, 1976, appellant was convicted, after pleading guilty, for the offense of possession of a prohibited weapon. See V.T.C.A., Penal Code, Section 46.02. Punishment was assessed by the court at two years' confinement, probated. One of the conditions of appellant's probation was that he commit no offense against the laws of this or any other State or the United States.

On May 19, 1976, the State filed a motion to revoke appellant's probation alleging that he violated the foregoing condition of probation by committing the offense of burglary of a vehicle on May 11, 1976. The State's motion to revoke was heard along with appellant's trial for the burglary offense and, after hearing the evidence, ap-pellant was convicted by the court who then assessed punishment at two years' confinement and ordered appellant's probation revoked on the ground alleged in the State's motion.

The appellant contends that the court erred by summarily refusing to allow him to make a closing argument on the issue of guilt or innocence for the burglary offense and on the issue of whether or not his probation should be revoked. For the reasons to be stated, we reverse the judgment in each case.

Laura Hernandez testified that on May 11, 1976, between 5:00 and 5:30 p. m., she was peering out of her bedroom window while feeding her baby when she observed two men open the hood of the complainant's pickup truck and remove what appeared to her to be the truck's battery; she then observed the two men hurriedly leave the scene in a red Chevrolet automobile with a blue fender. Hernandez subsequently notified the Austin police of this suspicious incident.

Austin police officer Billy Sifuentes testified that he was dispatched to the scene of the offense at approximately 5:15 p.m. and, en route, he observed a vehicle matching the description given by Hernandez being driven by the appellant in the opposite direction; Sifuentes then advised other officers of the direction of appellant's travel. Sifuentes also positively identified the appellant as the driver of the vehicle in question.

Officer Chris Walker testified that approximately 20 minutes after the offense was reported, he discovered the appellant and three other persons standing near the rear of the vehicle in question while it was parked on a residential street approximately two or three miles away from the scene of the offense. Several automobile batteries, including the complainant's, were recovered from the appellant's car.

The appellant contends that the court erroneously denied him the right to make a closing argument on the law and the facts at the close of the testimony. Immediately after both sides rested, the record reflects

the following colloquy between the court and appellant's counsel:

"THE COURT: Having heard the evidence in the case, I find the defendant guilty of burglary of a vehicle in Cause No. 51,010, and find that he has violated his probation in Cause No. 50,196. His punishment is assessed at a term of two years in each case, he has ten days in which to be sentenced, or he may waive time and be sentenced at this time.

"MS. STOCKARD: Your Honor, first of all, are we going to be allowed any time to make a closing argument?

"THE COURT: No.

"MS. STOCKARD: Okay, we object to that, and please note our exception. . . ."

Thus, it appears from the record that the appellant's request for closing argument was summarily denied by the court.

We are confronted with the question of whether or not the right to be represented by counsel guaranteed by both the state [1] and federal [2] constitutions also insures the right to have counsel present closing argument at the conclusion of the testimony, and if so, whether or not this right applies equally in probation revocation hearings as well as criminal prosecutions. See and compare *Davenport v. State,* 574 S.W.2d 73 (Tex.Cr.App.1978), which differentiates probation revocation hearings from criminal prosecutions and discusses the different considerations which prevail at each proceeding.

Our state constitution provides that an accused "shall have the right of being heard by himself or counsel, or both . . . ." Tex.Const., Art. I, Section 10. And this has been held to be a "positive" right. *Ferguson v. State,* 133 Tex.Cr.R. 250, 110 S.W.2d 61 (1937) (On Motion for Rehearing). Likewise, the Sixth Amendment of the federal constitution, as extended to the states through the Fourteenth Amendment, provides that the accused has a right to assistance of counsel which "has been understood to mean that there can be no restrictions upon the function of counsel in defending a criminal prosecution in accord with the traditions of the adversary factfinding process . . . ." *Herring v. New York,* 422 U.S. 853, 857, 95 S.Ct. 2550, 2553, 45 L.Ed.2d 593 (1975). In *Herring,* the Supreme Court observed that the very premise of the American adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free. The Court further held that the total denial of the opportunity for final argument in a nonjury as well as a jury criminal trial is a denial of the basic right of the accused to make his defense. "Closing argument," said the Court, "serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case." Ibid. at 422 U.S. 862, 95 S.Ct. 2555. Besides that, the Court noted that closing argument is also useful to point to direct conflicts in the trial testimony and to stress both inconsistencies in testimony and the credibility of defense witnesses.

This Court has interpreted our state constitutional right "to be heard by counsel" to mean that the accused has a right to be heard in argument on the case both as to the law and the facts at the conclusion of the testimony. In *Anselin v. State,* 72 Tex. Cr.R. 17, 160 S.W. 713 (1913), at the conclusion of the testimony, the court immediately announced its finding of guilt, and the defendant's counsel immediately demanded the right to be heard in argument which request was refused by the court. In reversing the judgment of conviction, this Court held:

"The Constitution, art. I, Section 10, expressly provides that the accused shall have the right of being heard by himself or counsel, or both. The courts, in passing upon this question, say this is a valuable right of which the appellant can under no circumstances be deprived. Of course he can waive it, but he has a right to be heard unless he waives it. . . . [citing cases]." Ibid. at 714.

---

1. Tex.Const., Art. I, Section 10.

2. U.S.Const., amend. VI.

Likewise, in *Ferguson v. State*, supra, under facts similar to those of *Anselin v. State*, supra, and the present case, we followed our decision in *Anselin* and held that the defendant was "denied a right guaranteed by a positive provision of section 10, art. I, of the Constitution . . .." 110 S.W.2d 63. See also *Carlile v. State*, 451 S.W.2d 511 (Tex.Cr.App. 1970).

We conclude that the appellant did not waive his right to present a closing argument at his trial for burglary of a vehicle and that the trial court erred by refusing to honor the appellant's request to be heard. The action of the trial court denied the appellant his constitutional right to the assistance of counsel as provided by the respective constitutions.

We must now consider the question of whether or not the trial court abused its discretion in refusing to allow the appellant to present closing argument on the State's motion to revoke his probation. In *Davenport v. State*, 574 S.W.2d 73 (Tex.Cr.App. 1978), we held:

"At a revocation of probation proceeding, a defendant need not be afforded the full range of constitutional and statutory protections available at a criminal trial. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). At such a proceeding, guilt or innocence is not at issue, and the trial court is not concerned with determining the defendant's original criminal culpability. 'The question at a revocation hearing is whether the appellant broke the contract he made with the court after the determination of his guilt.' *Kelly v. State*, Tex.Cr.App., 483 S.W.2d 467, 469. Also of significance is the fact that '. . . the result of such a hearing to revoke is not a *conviction* but a finding upon which the trial court might exercise its discretion by revoking or continuing probation.' *Hill v. State*, Tex.Cr.App., 480 S.W.2d 200, cert. denied, 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (emphasis added). 'A probation revocation hearing is not . . . a criminal prosecution.' *Hill v. State*, supra. It has been denominated as 'administrative in nature.' *Hill v. State*, supra."

This is not to say, however, that all constitutional guarantees of due process fly out the window at a probation revocation hearing. A probationer is entitled to certain due process protections in the revocation proceedings. *Bradley v. State*, 564 S.W.2d 727 (Tex.Cr.App. 1978); *Whisenant v. State*, 557 S.W.2d 102 (Tex.Cr.App. 1977). In *Gagnon v. Scarpelli*, supra, the Supreme Court enunciated the "minimum requirements of due process" which must be observed in probation revocation hearings. They include: written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, the opportunity to be heard in person and to present witnesses, the right to confront and cross-examine adverse witnesses, a "neutral and detached" hearing body, and a written statement by the fact finders as to the evidence relied on and the reasons for revoking probation. See also *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

In *Whisenant v. State*, supra, we observed that the procedure for revoking probation in this State affords a probationer far greater safeguards than those required by *Gagnon v. Scarpelli*, supra, and *Morrissey v. Brewer*, supra. We stated in *Whisenant* that "The proceeding to revoke probation, although not the same as a criminal trial, requires substantially all the same procedure. . . . An adversary proceeding is afforded the probationer in which almost all of the rules of evidence and criminal procedure are applicable. . . ." 557 S.W.2d at 105.

In Texas, a probationer has the right to be represented by counsel at a revocation hearing. *Ex parte Guzman*, 551 S.W.2d 387 (Tex.Cr.App. 1977); *Ex parte Flores*, 537 S.W.2d 458 (Tex.Cr.App. 1976). The right to be effectively represented by counsel would have little meaning if the trial court were permitted to allow counsel to represent his client at one phase of the hearing and not another. We therefore hold that a probationer's right to be represented by counsel insures to him the right to be

represented at all phases of the hearing, including the argument phase. This is so because closing argument is crucial to the "adversary fact-finding process," *Herring v. New York,* supra, and, a revocation hearing being an adversary proceeding, *Whisenant v. State,* supra, the right to be represented by counsel at closing argument is no less critical there than at a traditional criminal trial.

We conclude that by refusing to allow appellant's counsel to present a closing argument on the question of whether or not probation should be revoked, the trial court denied the appellant his right to the effective assistance of counsel at the probation revocation proceeding, *Ex parte Flores,* supra, and that since the appellant did not waive his right to present a closing argument, the trial court's action, in this instance, constituted an abuse of discretion. See *Bowers v. State,* 414 S.W.2d 929 (Tex. Cr.App. 1967); *Freeman v. State,* 491 S.W.2d 408 (Tex.Cr.App. 1973).

The judgments are reversed and remanded.