In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-01219-CR
____________

TIMOTHY RAY KIRVIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 99CR0364




MEMORANDUM OPINIONThis is an appeal from a community supervision revocation proceeding. The
trial court found that appellant (1) committed an assault, (2) failed to complete
community service, and (3) failed to attend domestic violence/anger control classes. 
The trial court revoked appellant’s community supervision and sentenced him to 10
years’ confinement. In two points of error, appellant contends that (1) the evidence
was insufficient to support the finding that he committed an assault, and (2) the trial
court erred when it failed to hear closing argument regarding punishment. We affirm.
BackgroundA jury found appellant guilty of aggravated assault with a deadly weapon and
assessed punishment at 10 years’ confinement, with a recommendation that appellant
be placed on community supervision. Accordingly, appellant was placed on 10 years’
community supervision. Less than one year later, the State filed a motion to revoke
community supervision alleging, inter alia, that appellant failed to satisfy three 
conditions of his community supervision by (1) not performing community service,
(2) not attending domestic violence/anger control classes, and (3) committing the
offense of assault. Thereafter, the trial court conducted a hearing on the State’s
motion.
          During the hearing, at the conclusion of appellant’s testimony, defense counsel
passed the witness, and the State indicated that it had no questions. Defense counsel
then stated, “That’s all we have.” The trial court then found that appellant failed to
satisfy the three conditions as alleged by the State, revoked appellant’s community
supervision, and sentenced him to 10 years’ confinement. 
Waiver
          On appeal, appellant challenges the finding that he committed an assault, but
does not challenge the finding that he committed two other technical violations of his
community supervision. Thus, appellant has waived appellate review of the two
unchallenged violations. Because a finding that appellant violated any one condition
of community supervision is sufficient to sustain the revocation, we need not address
his challenge to the assault finding. See Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980).
          We overrule appellant’s first point of error.
Closing Argument
          In his second point of error, appellant contends that the trial court violated his
constitutional right to counsel by not hearing closing argument prior to revoking his
community supervision. The right to closing argument is crucial to the adversarial
fact-finding process and is no less critical at a revocation hearing. Ruedas v. State,
586 S.W.2d 520, 524 (Tex. Crim. App. 1979); Foster v. State, 80 S.W.3d 639 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). The trial court abuses its discretion in
denying counsel the right to make a closing argument. Ruedas, 586 S.W.2d at 524;
Foster, 80 S.W.3d at 640.
          In Ruedas, defense counsel explicitly requested argument and was refused.
Ruedas, 586 S.W.2d at 522. In this case, however, no such request was made, and the
trial court did not refuse to allow appellant to make closing arguments or present
evidence. To the contrary, after presenting appellant’s testimony, defense counsel
stated, “That’s all we have.” In order to preserve error for review, appellant must
notify the trial court that he wants to make a closing argument, the trial court must
refuse that opportunity, and then appellant must make a timely objection to the trial
court’s ruling. Tex. R. App. P. 33.1(a); Cf. Ruedas v. State, 586 S.W.2d at 522
(holding trial court abused its discretion in refusing defendant’s request for closing
argument when defense counsel explicitly requested it); Foster, 80 S.W.3d at 640-41. 
In the instant case, no such request was made, and appellant has not preserved error
for our review.
          We overrule appellant’s second point of error.Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).