NO. 12-03-00103-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




HOLLI PAIGE JONES,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY CRIMINAL COURT NO. 2 


THE STATE OF TEXAS,

APPELLEE
§
 OF DENTON COUNTY, TEXAS




MEMORANDUM OPINION


 Holli Paige Jones ("Appellant") appeals the trial court's order revoking her probation,
following which she was sentenced to confinement for sixty days. Appellant raises three issues on
appeal. We affirm.

Background

 Appellant was convicted of driving while intoxicated and pleaded "no contest." The trial
court sentenced Appellant to confinement for one hundred fifty days, but probated Appellant's
sentence for fifteen months. The trial court also fined Appellant four hundred dollars. On June 17,
2002, the State filed a motion to revoke Appellant's probation, and alleged, among other things, as
follows:


 ... as a term of community supervision Defendant was ordered to:


 ... .



 Complete 40 hours of Community Service Restitution at a community service project or projects for
an organization or organizations listed in the addendum marked "Exhibit A" to this condition and
attached to this order, to be completed at a rate of not less than four hours per week starting by, but
not later than, 60 days from the effective date of this order;


 

 HOLLI JONES violated said term and condition in that she failed to begin 40 hours of Community 

 Service Restitution.


 (4) Within 60 days, complete a drug/alcohol evaluation through an agency approved by your
Supervision Officer and provide written proof of compliance to the Supervision Officer
within 10 days of completion. If treatment is deemed necessary, comply with the rules of the
agency and pay all costs of such services. Continue in treatment until successfully completed
as stated by your Supervision Officer.


 HOLLI JONES violated said term and condition in that she failed to complete a drug/alcohol 

 evaluation.


 ... .


 (14) Successfully complete within 90 days of this order DWI Victim Impact Panel; provide
written proof of completion to your Supervision Officer within 10 days of the date of
completion;


 HOLLI JONES violated said term and condition in that she failed to complete a DWI Victim Impact 

 Panel.


A hearing was held on the State's motion to revoke on March 5, 2003. Following the hearing, the
trial court found the aforementioned allegations to be "true," revoked Appellant's probation, and
sentenced Appellant to confinement for sixty days.


Revocation of Probation In issue one, Appellant argues that the trial court erred in finding that Appellant violated
paragraph (I) of her conditions of probation given the State's allegation that Appellant failed to begin
her community service because the uncontroverted evidence was that Appellant had begun her
community service. In essence, Appellant contends that there was a variance between the violations
alleged in the State's motion to revoke and the proof offered at the hearing thereon. 

 The defendant at a revocation of probation proceeding need not be afforded the full range of
constitutional and statutory protections available at a criminal trial. Moore v. State, 11 S.W.3d 495,
499 (Tex. App.-Houston [14th Dist.] 2000, no pet.). This is so because the defendant's guilt is not
at issue; the trial court is not concerned with determining the defendant's original criminal
culpability. Id. "This is not to say, however, that all constitutional guarantees of due process fly out
the window at a probation revocation hearing." Ruedas v. State, 586 S.W.2d 520, 523 (Tex. Crim.
App. [Panel Op.] 1979). A probationer is entitled to certain due process protections in the revocation
proceedings. See Bradley v. State, 564 S.W.2d 727, 729 (Tex. Crim. App. 1978).

 The Supreme Court has enunciated the minimum requirements of due process which must
be observed in probation revocation hearings. See Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.
Ct. 1756, 1761-62, 36 L. Ed. 2d 656 (1973). Such requirements include (1) written notice of the
claimed violations of probation, (2) disclosure to the probationer of the evidence against him, (3) the
opportunity to be heard in person and to present witnesses, (4) the right to confront and cross-examine adverse witnesses, (5) a neutral and detached hearing body, and (6) a written statement by
the fact finders as to the evidence relied upon and the reasons for revoking probation. See id.;
Ruedas, 586 S.W.2d at 523; Moore, 11 S.W.3d at 499. The probationer's interests are also protected
by the due course of law provisions of the Texas Constitution. See Tex. Const. art. I, § 19; Rogers
v. State, 640 S.W.2d 248, 252 (Tex. Crim. App. [Panel Op.] 1982) (op. on reh'g).

 Accordingly, the probationer is entitled to a written motion to revoke that fully informs him
of the violation of a term of probation, which he is alleged to have breached. Moore, 11 S.W.3d at
499 (citing Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. [Panel Op.] 1980)). 
Additionally, the authority of the trial court to revoke probation is limited by the allegations of which
the probationer had due notice, i.e., those that were contained in the written motion to revoke
probation. Moore, 11 S.W.3d at 499. Yet, a motion to revoke community supervision is not
required to meet the particularities of an indictment, information, or complaint. See Champion v.
State, 590 S.W.2d 495, 497 (Tex. Crim. App. [Panel Op.] 1979); Moore, 11 S.W.3d at 499. All that
is required is that the motion to revoke fully and clearly set forth the basis on which the State seeks
revocation so that a defendant and his counsel have notice. See Leyva v. State, 552 S.W.2d 158, 162
(Tex. Crim. App. 1977).

 A "variance" occurs when there is a discrepancy between the allegations in the charging
instrument and the proof at trial. Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). 
In a typical variance situation, the State has proven the defendant guilty of a crime, but has proven
its commission in a manner that varies from the allegations in the charging instrument. See id. In
Texas, variance claims have routinely been treated as insufficiency of the evidence problems, rather
than as notice-related claims. Id. at 247. Regardless of how variances are treated, a variance is
material only if it operated to the defendant's surprise or prejudiced his rights. Id. at 257; Moore,
11 S.W.3d at 500; Human v. State, 749 S.W.2d 832, 837 (Tex. Crim. App. 1988). When reviewing
such a variance, we must determine whether the indictment, as written, informed the defendant of
the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether
prosecution under the deficiently drafted indictment would subject the defendant to the risk of being
prosecuted later for the same crime. The fatal variance doctrine is applicable to revocations of
community supervision. Moore, 11 S.W.3d at 500 (citing Taylor v. State, 592 S.W.2d 614, 615
(Tex. Crim. App. [Panel Op.] 1980)).

 In the case at hand, the record reflects a variance between the allegations in the State's
motion. After setting forth a condition of Appellant's probation under paragraph (I), which, in brief, 
stated that Appellant was required to complete forty hours of community service restitution starting
no later than sixty days from the effective date of the probation order, the State alleged that
Appellant violated said term and condition in that "she failed to begin 40 hours of community
service restitution." The record reflects that, as of the date of the hearing, Appellant had completed
community service restitution, but had failed to start such restitution within sixty days of the date
of the trial court's probation order. Considering the allegations in the State's motion, we hold that
it provided Appellant sufficient information to allow her to prepare an adequate defense. The motion
alleged a violation of paragraph (I) of the trial court's order. Paragraph (I), as set forth in the State's
motion, contained the time frame under which Appellant was required to begin her community
service restitution. The State's motion, therefore, brought to Appellant's attention that the State was
alleging that she had violated a paragraph of the trial court's probation order requiring that she begin
performance of her community service restitution within a certain time period. Even though
following its allegation that Appellant had violated paragraph (I), the State alleged generally that
Appellant had not started such restitution, the State's failure to again reference the time frame in
which Appellant was ordered to act did not prevent Appellant from preparing a defense to the State's
motion. (1) Thus, we conclude that the variance between the allegation in the State's motion with
reference to paragraph (I) and the evidence presented at the hearing was immaterial.

 We next consider whether the trial court abused its discretion in revoking the defendant's
probation. See Lloyd v. State, 574 S.W.2d 159, 160 (Tex. Crim. App. [Panel Op.] 1978). The
standard of proof in a revocation proceeding is a preponderance of the evidence. Id. In order to
satisfy its burden of proof, the State must prove that the greater weight of the credible evidence
before the trial court creates a reasonable belief that a condition of community supervision has been
violated as alleged in the motion to revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993). Proof of one violation alone is sufficient to support revocation. See Cardona v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In the instant case, Appellant's parole officer testified
that Appellant failed to start her community service restitution before the expiration of sixty days
from the date the trial court entered its probation order. Our review of the record does not reveal any
evidence to the contrary. Therefore, we hold that the trial court did not abuse its discretion in
revoking Appellant's probation. Appellant's issue one is overruled. Because proof of one violation
alone is sufficient to support revocation, we do not reach Appellant's issues two and three. See
Cardona, 665 S.W.2d at 493


Conclusion

 Having overruled Appellant's issue one, we affirm the trial court's order revoking
Appellant's probation.

 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered October 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.







(DO NOT PUBLISH)
1. The second factor - whether prosecution under the deficiently drafted indictment would subject the
defendant to the risk of being prosecuted later for the same crime - is not applicable in cases involving probation
revocation. See, e.g., Traylor v. State, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978) (an appeal from an
order revoking probation is limited to the propriety of the revocation and does not include a review of the original
conviction).