COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )              No.  08-02-00544-CV

                                                                              )

                                                                              )                   Appeal from the

                                                                              )

IN THE MATTER OF M.A., A
Juvenile                )               
65th District Court

                                                                              )

                                                                              )          
of El Paso County, Texas

                                                                              )

                                                                              )                 
(TC# 0101381)

 

 

MEMORANDUM   OPINION

 

M.A., a juvenile,
appeals from a disposition order committing her to the Texas Youth
Commission.  On appeal, M.A. raises two
issues:  (1) denial of her federal and
state constitutional rights to effective assistance of counsel; and (2) denial
of her federal and state constitutional rights to due process.  We affirm.

On
September 22, 2001, M.A[1].
was detained at the Bridge of the Americas Port of
Entry for possession of marijuana.  The
vehicle=s tires
M.A. was driving all contained marijuana. 
A total of 102.3 pounds of marijuana were recovered.  On October 2, 2001, M.A. signed a Waiver,
Stipulation, and Admission admitting to the offense.  On the same day, the trial court signed the
Order of Adjudication.








On October 25,
2001, a disposition hearing was held in which M.A. was placed in 

out-of-home
supervised probation until her eighteenth birthday.  The juvenile court ordered M.A. to
participate in the Challenge Boot Camp program. 
Upon completion of the Challenge Boot Camp program, the juvenile court
held an Accelerated Review Hearing on April 3, 2002.  The court issued an Accelerated Review Hearing
Order in which M.A. was ordered to continue the out-of-home placement with the
Bair Foundation until her eighteenth birthday. 
The Bair Foundation placed M.A. in a foster home.

On May 21, 2002,
M.A. ran away from her foster home.  A
Juvenile Warrant of Arrest was issued by the juvenile court.  Apparently, M.A. had gone to Juarez to live
with her mother.  On October 1, 2002, the
State file a Petition Based On Delinquent
Conduct.  The petition alleged that on
September 26, 2002, M.A. knowingly and intentionally possessed a usable
quantity of marijuana.  Also on this
date, the State filed a Motion to Modify Disposition alleging that M.A.
violated the terms of her supervised probation out-of-home placement by
possessing marijuana, failing to remain in El Paso County and traveling outside
the county, violating the terms of her curfew, failing to attend school,
operating a vehicle without a Texas driver=s
license, failing to perform ten hours per week in the Community Improvement
Program, and leaving the custody and control of the Bair Foundation.








On November 14,
2002, the juvenile court granted the State=s
motion to dismiss petition filed on October 1, 2002.  On this same day, the trial court entered its
Modification Order and found that M.A. had violated the terms of her probation
as set out in the October 1, 2002 petition, except the possession of marijuana
allegation.  In a
modification-disposition report prepared by Probation Officer Patricia Soto, it
was recommended that M.A. be placed with the Texas Youth Commission.

On November 27,
2002, the trial court held a disposition hearing at the end of which M.A. was
committed to the Texas Youth Commission until her eighteenth birthday.  A Judgment of Commitment and an Order of
Commitment were filed on the same day. 
M.A. filed a motion for new trial alleging that the evidence presented
by the State at the trial was insufficient to convict the juvenile.  The motion for new trial was overruled by
operation of law.  M.A. now timely brings
this appeal.  

On appeal, M.A.
raises two issues revolving around the trial court=s
denial of M.A.=s
opportunity to make a closing argument. 
In Issue One, M.A. contends that the trial court denied M.A. her federal
and state constitutional rights, and her right under
Article 1.051 of the Texas Code of Criminal Procedure to effective assistance
of counsel when it refused to allow her, through her counsel, to make a final
argument.  In Issue Two, M.A. argues that
the trial court denied M.A. her federal and state constitutional rights, and her right under Article 1.04 of the Texas Code
of Criminal Procedure to due process when it refused to allow her, through her
counsel, to make a final argument.  The
State in this case did not respond to M.A. contentions but rather filed a
Notice of Intent To Waive the Filing of Its Brief on
September 12, 2003.

After all the
testimony was presented at the disposition hearing, the following exchange took
place:

Defense
Counsel:          Nothing further, Judge.

 

The
Court:                    Juvenile wishes
to say nothing?

 

The
Juvenile:                 No Sir.

 








The
Court:                    Based on the
testimony presented here today, the Court will make the following findings and
enter the following orders. The juvenile was present with her attorney, her
parent.

 

Defense
Counsel:          Judge, if I may, may a
[sic] make a brief argument?

 

The
Court:                    Not
necessary.  The Court finds that the
juvenile is in need of rehabilitation, that the protection of the public
requires that a disposition be made.

 

The right to
effective assistance of counsel is guaranteed under both the federal and state
constitutions.  U.S. Const. amend. VI; Tex.Const. art. I, ' 10.  A complete denial of a defendant=s opportunity to make a closing
argument in bench or a jury trial deprives an accused of his right to
assistance of counsel under the Sixth and Fourteenth Amendments to the United
State Constitution.  See
Herring v. New York, 422 US 853, 858, 95 S.Ct. 2550, 2553, 45
L.Ed.2d 593 (1975). 
Denial of proper jury argument also violates a defendant=s right to be heard by himself or counsel or both under Article 1, section 10 of
the Texas Constitution.  See Ruedas v. State, 586 S.W.2d 520,
522-23 (Tex.Crim.App. 1979).  However, a right to be heard and thus to make
a closing argument can be waived.  See
id.








In order to
preserve a complaint for appellate review, a party must present to the trial
court a timely request, objection, or motion stating the specific grounds for
the ruling he desires the court to make. 
Tex.R.App.P. 33.1(a).  In this case, M.A.=s counsel did not object to the trial
court=s denial
to allow her to make closing argument nor did she file a motion complaining to
the trial court that she was denied an opportunity to make a closing
argument.  As the record indicates, M.A.=s
counsel requested the opportunity to make a closing argument, however, when she
was denied the opportunity rather than object to the trial court=s decision, M.A.=s
counsel remained silent.  Given the
particular circumstances in this case, M.A.=s complaint regarding the denial of her
opportunity to make a closing argument was not presented to the trial court and
thus is not preserved for our review. 
Accordingly, we overrule Issues One and Two.

For the reasons
stated above, we affirm the trial court=s
judgment.

 

 

June
10, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.  











[1]
M.A. is a U.S. citizen, who prior to this incident, had not resided in the
United States.  Her english speaking abilities are limited.  Prior to this incident, M.A. resided in
Juarez, Mexico with her mother, a Mexican national.