NO.
 07-09-0338-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                                MARCH
9, 2011

                                            ______________________________

 

                                                             NATHAN A. HYER,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                              _____________________________

 

                      FROM THE 140th DISTRICT
COURT OF LUBBOCK COUNTY;

 

                         NO. 2008-421,248; HON.
JIM BOB DARNELL, PRESIDING

                                            ______________________________

 

Opinion

______________________________

 

Before
QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Appellant, Nathan A. Hyer, appeals
his conviction for possessing a controlled substance, namely cocaine.  Though thirteen issues are before us, we only
address whether he was denied the assistance of counsel because counsel was not
allowed to make a closing argument during the punishment phase of the
trial.  Our disposition of it is
dispositive of the appeal because we reverse the judgment.

            Appellant pled guilty to the charged
offense without the benefit of an agreement regarding punishment.  He also waived his right to a jury and asked
the trial court to determine punishment. 
At the hearing on that matter, both the State and
appellant proffered witnesses. 
When they had done so, the trial court asked:  “[d]oes the State close?”  The State replied:  “[t]he State closes, your honor.”  Then, the following exchange transpired
between the court and defense counsel:

THE
COURT: [Appellant], if you’ll come up here.

MR.
HOGAN:  Judge, I didn’t close.  Could I make a couple of brief suggestions to
the Court before you - -

 

THE
COURT:  No.

MR.
HOGAN:  All right.

Why
the trial court so denied defense counsel the opportunity to make closing
remarks went unexplained.  Moreover, the
State concedes that the decision evinced reversible error if preserved for
review.[1]  So, the issue before us is one of
preservation; did appellant preserve his complaint about being denied his
constitutional right to legal counsel when the trial court refused to allow him
to tender closing argument?  We conclude
he did.

            That the State did not ask for opportunity
to provide closing argument is undisputed. 
That the trial court was proceeding to sentence appellant without
affording appellant the opportunity to provide such argument is clear.  That appellant, through his counsel,
expressly informed the court that it had yet to “close” and would like to make
a couple of comments is also clear, as is the trial court’s refusal to let him
do so.[2]  Admittedly, defense counsel did not use the
phrase “closing argument” when asking for leave to speak.  Yet, he did ask for the chance to comment
once the State “closed” and before the trial court decided what measure of
punishment to levy.  Furthermore, the
request came at that stage of the proceeding when litigants would normally
undertake closing argument, i.e.
after both sides rested.  So, we have
little difficulty in concluding that a jurist facing like circumstances would
interpret the request as one seeking opportunity to proffer closing arguments.  Bennett
v. State, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) (stating that “’[m]agic words’ are not required” to preserve error and “a
complaint will be preserved if the substance of the complaint is conveyed to
the trial judge”). 

            Next, the request to pursue a
procedural step guaranteed by both the United States and Texas Constitutions
followed by the trial court’s refusal to permit it was sufficient to meet the
requisites of Texas Rule of Appellate Procedure 33.1.  The latter simply mandates that the complaint
raised on appeal be “made to the trial court by timely request,
objection or motion.”  (Emphasis added).  Tex. R. App. P. 33.1(a)(1).  Omitted from that rule are words expressly
obligating the complainant to take further action once a “request” or “motion”
is made and denied. 
There is no need to pursue the historic practice of verbally “excepting” to a decision rejecting the objection, for
instance.   See Farrar v. State, 784 S.W.2d 54, 56
(Tex. App.–Dallas 1989, no pet.).  That
this is true is exemplified by a defendant’s ability to remain silent at trial
when evidence is being tendered for admission if that evidence was the subject
of an unsuccessful motion to suppress.  Flores v. State, 129
S.W.3d 169, 171-72 (Tex. App.–Corpus Christi 2004, no pet.).  Similarly illustrative is the defendant’s
ability to preserve error involving the refusal to submit a jury instruction by
merely requesting the instruction and having the court deny the request.  Tex. Code Crim. Proc. Ann.
art. 36.15 (Vernon 2006).  In each instance the trial court had the
opportunity to address the matter, and Rule 33.1 simply assures
that such an opportunity be afforded the court. 
Lopez v. State, 96 S.W.3d 406,
412 (Tex. App.–Austin 2002, pet ref’d) (stating that Rule 33.1 serves to give
the trial court the chance to address potential error in the first
instance).  

            We do note that prior objections or
complaints can be waived by subsequent actions or comments of counsel.  Saying “no objection” when evidence, made the
subject of a prior motion to suppress, has that effect, for instance.  Obviously, such a phrase can be accepted for
what the plain meaning of the words denote, that the opponent has no objection
to what is being done.  A like and clear
expression of intent was not made here, however.  It is conceivable that counsel saying “all
right” may mean that the speaker has no problem with or complaint about what is
being done, but the context of the comment is all important.  We cannot ignore the fact of evolving life
that the younger generation often assigns new meaning to old words.  “Bad” can be “good,” for
example.

             
Here, appellant’s counsel was not asked a question to which he responded
“all right.”  Instead, opportunity to
comment about punishment was requested and was abruptly denied him.  Saying “all right” in reply to such as the
unexplained denial of a constitutional right may well evince surprise or the
circumstance of being taken aback, as opposed to approval of the trial court’s
decision to forego closing argument. 
This is especially so when, as here, defense counsel later attempted, unsuccessfully,
to proffer another suggestion apparently on the topic of punishment.  Moreover, the reporter’s record reveals that
counsel often said “all right” after others spoke.  That exact phrase was vocalized once when his
client testified about being twice sent to “state jail.”  So too did counsel say the same words when
appellant described how he “started skipping school and getting high” in the
seventh grade and that he sold a friend’s dog to buy “dope.”  In none of those situations could one legitimately
interpret “all right” as indicating approval of the conduct disclosed.  Indeed, given the many other instances of
counsel muttering the phrase when it had no logical relationship to what had
been said, we infer that he simply had a penchant for saying “all right,” much
like those individuals who intersperse their communication with words like
“okay,” “like,” and “you know.”  They
mean nothing, generally, and the speaker most likely does not know they are
being verbalized.  So, given the
circumstances in the record before us, counsel’s uttering “all right” cannot
reasonably be interpreted as an intent to waive his
request to make closing remarks or approve of what the trial court did.   

            Nor do we find controlling the
authority cited by the State to support the argument that the error was not
preserved.  For instance, the Court of
Criminal Appeals was not addressing the topic of error preservation when
writing in Ruedas v.
State, 586 S.W.2d 520 (Tex. Crim. App. 1979).  So while the defendant there expressly
objected and excepted to the refusal to allow closing
argument, the case hardly stands for the proposition that one must so object
and except to preserve his complaint. 
The same also is true of Kirk
v. State, No. 05-98-0095-CR, 1999 Tex. App. Lexis 5743 (Tex. App. –Dallas August 4, 1999, no pet.) (not designated for publication).  And, to the extent that the reviewing court
held in In re M.A.,
No. 08-02-00544-CV, 2004 Tex. App. Lexis
5172 (Tex. App.–El Paso June 10, 2004, no pet.) (not designated for
publication) that the issue was not preserved because appellant failed to
expressly object to the trial court’s ruling that denied his request for
closing argument, no other courts of appeal other than El Paso have followed
it.  Nor did the El Paso court support
its conclusion with any precedent. 
Moreover, the opinion could be read as adding another element to Rule
33.1 omitted by those who drafted the proviso. 
Again, the latter specifies that the complaint tendered for review be
encompassed in a “timely request, objection or motion.”  It does not say that if the complaint was
encompassed in a “request,” then an “objection” must also be made to preserve
the matter once the request is denied.  

            We opt not to add into a rule what
its authors left out.  That
opportunity is left to the authors should they care to accept it.  All an appellant need do is make his complaint known to the trial court through a
“request, objection or
motion;”
he need not do more once any of those avenues are travelled.  (Emphasis added).  See
e.g. Ponce v. State, 68
S.W.3d 799, 807 (Tex. App.–Amarillo 2001, no pet.) (holding
that it was enough to request the particular relief or opportunity to preserve
error).

            In sum, the complaint at issue was
preserved.  Since the State conceded it
to be harmful error, we reverse the judgment and remand the cause for another
punishment hearing.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

Publish.











[1]The right to
effective assistance of counsel under the Sixth Amendment guarantees a
defendant the opportunity to make a closing argument.  See Herring v. New York,
422 U.S. 853, 857-58, 95 S.Ct. 2550, 2553, 45 L.Ed.2d 593 (1975).  Similarly, a defendant's right to be heard
under Article 1, Section 10 of the  
Texas Constitution assures the defendant the right to make a closing
argument.  See Ruedas v. State, 586 S.W.2d 520, 522-23 (Tex. Crim. App. 1979).  Those rights, therefore, are violated when a
trial court denies a defendant the opportunity to make a closing argument.  Herring,
422 U.S. at 857-58, 95 S.Ct. 2550; Ruedas,
586 S.W.2d at 522-23. 
And, the violation gives rise to reversible error without the
complainant having to show prejudice.  See Kirk v. State, No. 05-98-0095-CR,
1999 Tex. App. Lexis 5743 (Tex.
App.–Dallas August 4, 1999, no pet.) (not designated
for publication.)





[2]A
later effort by defense counsel to have input into the tenor of his client’s
punishment was also rebuffed.  After the
trial court pronounced sentence, defense counsel asked:  “[w]ill the Court entertain an addition of
the ISF recommendation to the judgment?” 
The court’s answer was “[n]o.”