**Modified and Affirmed and Opinion Filed June 13, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-21-00356-CR
No. 05-21-00357-CR
No. 05-21-00453-CR

**JEREMIAH LEE REEVES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-41144-M, F15-24191-M, and F16-24469-M**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Smith
Opinion by Justice Smith

Appellant Jeremiah Lee Reeves appeals from three judgments of conviction:

(1) aggravated assault with a deadly weapon (Trial Court Cause No. F15-24191-M

and Appellate Cause No.05-21-00357-CR); (2) assault family violence by impeding

breath (Nos. F16-24469-M and 05-21-00453-CR); and (3) evading arrest or

detention with a vehicle (Nos. F20-41144-M and 05-21-00356-CR). In his first three

issues, he argues he was denied his constitutional right to present closing argument

and, in his fourth issue, he contends that his sentence in his assault family violence

case is outside the proper punishment range. The State presents a cross point in which it argues that the judgments for aggravated assault and assault family violence should be modified to properly reflect the terms of community supervision the trial court found appellant violated. We modify the judgments in Cause Nos. F15-24191-M and F16-24469-M to properly reflect the trial court's findings and otherwise affirm the judgments of the trial court.

## Procedural Background

The underlying facts are well-known to the parties; therefore, we only include those facts relevant for disposition of the appeal in the discussion sections below. *See* TEX. R. APP. P. 47.1. Appellant pleaded guilty to aggravated assault with a deadly weapon on June 6, 2016. In accordance with a plea agreement, the trial court placed him on deferred adjudication community supervision for a term of four years. The State filed several motions to proceed to adjudication over the years and, as a result, the trial court modified the terms of his community supervision, including extending his term by twenty-four months.

While on community supervision for the aggravated assault charge, appellant committed new offenses including assault family violence. On March 20, 2017, appellant pleaded guilty to the second-degree enhanced offense of assault family violence by impeding the victim's breath. In accordance with a plea agreement, the trial court placed appellant on deferred adjudication community supervision for a term of five years and ordered him to a pay a fine of $1,000. Appellants' terms of

community supervision for the assault family violence charge were likewise modified over the years.

On January 20, 2021, appellant was charged with evading arrest or detention with a vehicle. Appellant waived his right to a jury, pleaded not guilty, and the case proceeded to a bench trial on February 25, 2021. Along with the evading arrest case, the trial court heard the State's amended motions to adjudicate in his aggravated assault and assault family violence cases. Appellant pleaded not true to the remaining allegations.

After both parties presented their cases, the trial court found appellant guilty of evading arrest or detention with a vehicle, found appellant violated several terms of his community supervision in his aggravated assault and assault family violence cases, and adjudicated him guilty in those cases. The trial court sentenced appellant to confinement for a term of ten years for his evading arrest conviction and to confinement for a term of eighteen years for his aggravated assault and assault family violence convictions. The trial court ordered appellant's sentences to run concurrently.

Appellant filed a motion for new trial and an untimely amended motion for new trial, to which the State objected. Appellant's motion for new trial was denied by operation of law, and this appeal followed.

**Right to Present Closing Argument**

In his first issue, appellant argues that the trial court deprived defense counsel of closing argument in violation of the Sixth Amendment and that such error is structural requiring the reversal of his evading arrest conviction without a harm analysis. In his second issue, appellant alternatively argues that the error requires reversal even if we determine it is constitutional error and should be reviewed under Texas Rule of Appellate Procedure 44.2(a). Appellant contends in his third issue that this deprivation also contributed to the trial court finding the State's allegation that he committed the new offense of evading arrest to be true and affected his ability to mitigate his culpability and minimize his punishment in his aggravated assault and assault family violence cases.

After both sides rested and closed at appellant's bench trial on his charge for evading arrest and at the hearing on the State's motions to adjudicate appellant guilty of the charges for which he was on deferred adjudication community supervision, the trial court announced its rulings finding appellant guilty of evading arrest and multiple allegations in each of the State's motions to be true. Appellant never asked to make a closing argument or objected to the trial court making its ruling without allowing him to make a closing argument. The trial court did ask for closing arguments in the punishment phase after both sides announced they would resubmit the evidence from the guilt/innocence phase and rested.

A party is required to make his complaint known to the trial court by a timely request, objection, or motion in order to preserve the issue for appellate review. TEX. R. APP. P. 33.1. That is true even for a defendant seeking to present closing arguments. *Ruedas v. State*, 586 S.W.2d 520, 522–23 (Tex. Crim. App. 1979) (concluding appellant did not waive his right to present closing argument when counsel asked whether defense would be allowed to present argument, the trial court responded, "No," and appellant objected); *Jolly v. State*, No. 05-18-00569-CR, 2018 WL 4940860, at *1 (Tex. App.—Dallas Oct. 12, 2018, no pet.) (mem. op., not designated for publication) ("a defendant must not only notify the trial court of his desire to make a closing argument, the court must refuse that opportunity and then the defendant must make a timely objection to the trial court's ruling").

We reject appellant's argument that he preserved his right to make a closing argument simply by pleading not guilty and not true. We also reject appellant's argument that he preserved error by raising it in his motion for new trial because he did not raise it until he filed his amended motion for new trial, which was filed outside of the thirty-day window to file a motion for new trial and to which the State objected; thus, the motion was untimely and could not be considered. *See* TEX. R. APP. P. 21.4 ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court" and may amend such motion without leave of court "[w]ithin 30 days after the date when the trial court imposes or suspends sentence."); *State v. Zalman*, 400

S.W.3d 590, 593, 595 (Tex. Crim. App. 2013) (explaining that trial court cannot rule on untimely amended motion for new trial over State's objection). Appellant's first, second, and third issues are overruled.

**Illegal Sentence for Assault Family Violence Conviction**

In appellant's fourth issue, he argues that the "original judgment" of the assault family violence by impeding breath fails to reflect an enhancement and, therefore, the punishment of eighteen years is outside the punishment range of a third-degree felony.

Appellant was indicted, in Cause No. F16-24469-M, for intentionally, knowingly, and recklessly causing bodily injury to the female victim by striking her with a hand and by grabbing and squeezing her neck with his hands on or about September 7, 2016. The indictment further alleged that the victim was a member of appellant's household and a person with whom he had had a dating relationship, that he impeded her normal breathing and circulation of blood by applying pressure to her throat and neck and by blocking her nose and mouth, and that he had been previously convicted of an offense against a member of his household and someone with whom he had had a dating relationship. Appellant pleaded guilty and judicially confessed to the offense as charged in the indictment, including the enhancement paragraphs, on March 20, 2017. Although the order of deferred adjudication, which we assume appellant is referring to as the "original judgment," shows appellant's plea and the trial court's finding to be "N/A" in the spaces regarding enhancement

paragraphs, the order also provides that the offense of assault family violence by impeding breath was enhanced, that it was a second-degree felony, and that the court found that appellant had been prosecuted for a family violence offense.

An offense for assault family violence by impeding the breath of the victim that is enhanced due to a prior family violence conviction is a second-degree felony punishable by two to twenty years' confinement. FORMER TEX. PENAL CODE ANN. § 22.01(b-1) (effective Sept. 1, 2013 through August 31, 2017; current version at TEX. PENAL CODE ANN. § 22.01(b-3)); *see also* TEX. PENAL CODE ANN. § 12.33 (providing that a second degree felony is punishable by imprisonment for a term of "not more than 20 years or less than 2 years"). Appellant was placed on deferred adjudication community supervision for a second-degree felony as reflected in the order of deferred adjudication, and his eighteen-year sentence falls within the permissible range of punishment for the offense for which he was convicted. We overrule Appellant's fourth issue.

## State's Cross Point

In a single cross point, the State asks this Court to modify the judgments of conviction for aggravated assault (Cause No. F15-24191-M) and assault family violence (Cause No. F16-24469-M) to accurately reflect the community supervision conditions that the trial court found appellant violated. We agree that the judgments do not reflect the trial proceedings and sustain the State's cross point.

This Court has the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). The judgment in Cause No. F15-24191-M includes the following finding: "While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt, as follows: A, A, A, C, D, L, R, S, T, X." However, when the trial court pronounced its findings at the close of evidence, the trial court found A(1), C, D, S, and T to be true and R and X to be not true; the State withdrew A(2) and L.[1] Although the trial court did not make a specific finding that appellant violated A(3), which alleged appellant committed the new offense of evading arrest while on community supervision, the trial court found appellant guilty of evading arrest in Cause No. F20-41144-M and found A(3) to be true in Cause No. F16-24469-M. Thus, the trial court's findings support a finding that appellant also violated A(3) in F15-24191-M. The record additionally shows that the State was proceeding on an amended motion to proceed to adjudication, not an original motion. Therefore, we modify the finding in the judgment in Cause No. F15-24191-M as follows: "While on deferred adjudication community supervision, Defendant violated the conditions of

---

[1] Because appellant has not challenged the findings on appeal, we need not detail the substance of each allegation to dispose of the State's cross point.

–8–

community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt, as follows: A(1), A(3), C, D, S, T."

Likewise, although the State was proceeding on an amended motion in Cause No. F16-24469-M and the trial court pronounced it found allegations A(1), A(3), C, D, R, and U to be true and S to be not true, the judgment provides: "While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt, as follows: A, A, A, C, D, J, K, N, R, S, U." The record shows that the State withdrew allegations A(2), J, K, and N. Therefore, we modify the finding in the judgment in Cause No. F16-24469-M as follows: "While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt, as follows: A(1), A(3) C, D, R, U."

**Conclusion**

We affirm the trial court's judgment in Cause No. F20-41144-M and affirm the judgments in Cause Nos. F15-24191-M and F16-24469-M as modified.

210356f.u05
210357f.u05
210453f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Craig Smith//
CRAIG SMITH
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEREMIAH LEE REEVES,
Appellant

No. 05-21-00356-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-41144-M.
Opinion delivered by Justice Smith.
Justices Schenck and Osborne
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 13th day of June 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEREMIAH LEE REEVES,
Appellant

No. 05-21-00357-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F15-24191-M. Opinion delivered by Justice Smith. Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

to delete finding "(5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt, as follows: <u>A, A, A, C, D, L, R, S, T, X</u>"

and replace with "(5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt, as follows: <u>A(1), A(3), C, D, S, T</u>"

As **MODIFIED**, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of June 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEREMIAH LEE REEVES,
Appellant

No. 05-21-00453-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F16-24469-M.
Opinion delivered by Justice Smith.
Justices Schenck and Osborne
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

to delete finding "(5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt, as follows: <u>A, A, A, C, D, J, K, N, R, S, U</u>"

and replace with "(5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt, as follows: <u>A(1), A(3), C, D, R, U</u>"

As **MODIFIED**, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of June 2022.