

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0251-22

### CALLIE RENEE INMAN, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## GALVESTON COUNTY

**NEWELL, J., filed a concurring opinion in which HERVEY, RICHARDSON and MCCLURE, JJ., joined.**

I agree with the Court's opinion dismissing Appellant's petition for discretionary review as improvidently granted. I write separately to make two observations.

First, the trial court's order adjudicating Appellant's guilt for violating the conditions of community supervision can be upheld based upon ground for violation that does not implicate the Confrontation Clause and is not contested on discretionary review.  As a condition of Appellant's deferred adjudication community supervision, Appellant could not travel outside of Texas without permission.[1]  Appellant testified that she had done so but claimed that her community supervision officer told her stepfather that she had permission to travel to Louisiana.  Appellant's community supervision officer testified unequivocally that Appellant did not have permission to travel to Louisiana.  The court of appeals held that the trial court could have credited the community supervisor's testimony and revoked Appellant's community supervision for this reason alone.[2]  Appellant does not challenge the court of appeals holding in this regard.

Second, Appellant only asserts a right to confront witnesses under the Sixth Amendment in this case.  However, there is also a right to

---

[1] *Inman v. State*, No. 13-20-00349-CR, 2022 WL 709832 at *1 (Tex. App. – Corpus Christi – Edinburg Mar. 10, 2022) (mem. op., not designated for publication).

[2] *Id.* at *3 (citing *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation.").

confront witnesses as a matter of due process.[3]  At the hearing, Appellant only claimed her Sixth Amendment right to confront witnesses had been violated.  She did not further object that her due process right to confront witnesses had been violated.

With these observations, I join the Court's opinion dismissing Appellant's petition for discretionary review as improvidently granted.

Filed: May 17, 2023

Do Not Publish

---

[3] *Ruedas v. State*, 586 S.W.2d 520, 523 (Tex. Crim. App. 1979) (noting that the Supreme Court has held that the "minimum requirements of due process" in probation revocation hearings includes the right to confront and cross-examine adverse witnesses) (citing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)); *see also Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) ("The rights to confront and cross-examine witnesses . . . have long been recognized as essential to due process.").