# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00404-CR

---

**Gere Jay Minnick, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 33RD DISTRICT COURT OF BURNET COUNTY
### NO. 51969, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Gere Jay Minnick appeals from the trial court's order revoking his probation and adjudicating him guilty of the offense of repeated violation of a protective order. He argues the trial court ran afoul of rules of evidence and his constitutional rights when it found he violated certain conditions of probation—including those requiring reporting to the probation department, paying court costs and fees, and prohibiting contact with the complainant. Because Minnick pled true to the violation of a separate condition—and that violation is unquestionably free of constitutional taint—the trial court did not abuse its discretion in adjudicating guilt. We affirm.

### BACKGROUND

In 2021, Minnick pled guilty to a third-degree felony—repeated violation of a protective order. *See* Tex. Penal Code § 25.072. Pursuant to a plea bargain, the trial court deferred adjudication and placed Minnick on five years' community supervision. Three years in, the State

filed its first amended request for adjudication alleging violations of six discrete conditions of probation. The trial court held a hearing, at which the State went forward on five of the six alleged violations. At the beginning of the hearing, Minnick pled not true to all but one allegation. He pled true to violating condition 13, which required that he perform community service. At the end of the hearing, at which several witnesses including Minnick testified, and the trial court admitted exhibits, the trial court found four of the five allegations that the State went forward on true. It found Minnick

- failed to report to the probation officer (violating condition 5);
- failed to perform community service (violating condition 13);
- failed to pay delinquent court costs and fees (violating condition 14); and
- communicated with or contacted the complainant (violating condition 15).

It found the allegation that Minnick violated condition 11, which required he obtain permission prior to any change of address, not true. The trial court adjudicated guilt and sentenced Minnick to 5 years' imprisonment.

## ANALYSIS

### *Adjudication*

#### *Applicable Law and Standard of Review*

"The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing conducted under Article 42A.751(d) in a case in which the adjudication of guilt was not deferred." Tex. Code Crim. Proc. art. 42A.108(b). The appellate standard of review is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). The trial court abuses its discretion if the State has failed to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App.

2

1984); *Wade v. State*, 693 S.W.3d 861, 864 (Tex. App.—Austin 2024, no pet.). The State's burden is to prove, by a preponderance of the evidence, that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Hacker*, 389 S.W.3d at 865. A fact is proven by a preponderance of the evidence if the greater weight of the credible evidence created a reasonable belief that the defendant has violated a condition. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). The trial court at a probation revocation hearing "is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker*, 389 S.W.3d at 865. The finding of a single violation of community supervision is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Caballero v. State*, 706 S.W.3d 562, 566 (Tex. App.—Austin 2024, no pet.).

*Application*

Minnick challenges only three of the four findings of true. Minnick complains that the trial court

- violated his due process rights because it failed to inquire into his ability to pay before finding he violated condition 14 (the requirement to pay certain costs and fees);
- violated his confrontation rights and considered unreliable evidence—his probation officer's supervisor's hearsay testimony—to find that he violated condition 5 (the requirement to report to a probation officer); and
- abused its discretion in admitting and relying on unauthenticated and innocuous emails Minnick wrote to the complainant in finding he violated condition 15 (the prohibition barring communicating with or contacting the complainant).

Minnick does not challenge the true finding that he failed to perform community service, violating condition 13, on any grounds. Minnick pled true to the violation. And Matt Boultinghouse, Minnick's probation officer, testified that Minnick, who was on his current caseload, had "no reported community service hours worked." The trial court—the sole judge of

the credibility of the witnesses and the weight to be given to their testimony—could have found that testimony credible, especially considering Minnick's admission. *Hacker*, 389 S.W.3d at 865; *Wade*, 693 S.W.3d at 864. The trial court did not abuse its discretion in finding that violation true.

Again, the State needs to prove only a single violation to support a revocation. *Garcia*, 387 S.W.3d at 26; *Caballero*, 706 S.W.3d at 566. An appellate court can rely on a single violation in affirming a revocation of community supervision, so long as "the violation upon which the reviewing court relies to uphold the trial court's ruling is itself unquestionably free of constitutional taint." *Dansby v. State*, 398 S.W.3d 233, 240 (Tex. Crim. App. 2013). And here, it is. Minnick does not challenge the trial court's finding that he violated condition 13 on sufficiency grounds or otherwise claim the finding is somehow infirm.[1] And the record demonstrates the trial court's finding is supportable independent of the confrontation, evidentiary, and spirit-of-the-law taints that Minnick argues inhere in the other findings. *See id*. at 241.

---

[1] Minnick does argue, somewhat globally, that the trial court's adjudication infringed upon his due process rights. *See Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015). It did not.

Here, Minnick had written notice of the claimed violations of his probation and the evidence against him via the State's requests for adjudication. That notice set out the conditions the State alleged he had violated and the specifics of each alleged violation. The final revocation of probation was preceded by an adversarial hearing before a neutral fact finder—the trial court. At that hearing the State put on evidence of the violations through two of Minnick's probation officers, Karen Cozby and Matt Boultinghouse; a third probation officer's supervisor Alexis Adams; and the complainant, who testified Minnick had repeatedly tried to contact her and sent her texts—which were admitted into evidence. Minnick was represented by counsel and had the opportunity to cross examine each witness and did so. Minnick himself testified. And the trial court clearly articulated its rulings on the record. *See id*. at 41-42 (setting out the *Gagnon v. Scarpelli* "minimum requirements of due process" which must be observed in probation revocation hearings); *Ruedas v. State*, 586 S.W.2d 520, 523–24 (Tex. Crim. App. 1979) (noting procedure for revoking probation in Texas goes beyond that outlined in *Gagnon v. Scarpelli* because it affords probationer right to adversary proceeding in which almost all rules of evidence and criminal procedure apply and right to counsel).

**CONCLUSION**

The trial court did not abuse its discretion in revoking probation and adjudicating Minnick on the original offense. *Hacker*, 389 S.W.3d at 864; *Cardona*, 665 S.W.2d at 493; *Garcia*, 387 S.W.3d at 26; *Dansby*, 398 S.W.3d at 240. We affirm the judgment of the trial court.[2]

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed: August 27, 2025

Do Not Publish

---

[2] Minnick asks that, if we do not reverse the trial court's adjudication of guilt and remand for further proceedings, we modify the judgment to remove any probation violations unsupported by sufficient evidence. We note that the probation violations are not listed in the judgment.